**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAZARO NAZARIO VAIL-DIAZ, | No. 08-74634 |
| Petitioner, | Agency No. A096-385-916 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2010
San Francisco, California

Before: HALL and THOMAS, Circuit Judges, and RESTANI, Judge.[**]

Lazaro Nazario Vail-Diaz, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals ("BIA") decision affirming the

immigration judge's denial of his applications for asylum, withholding of removal,

and protection under the Convention Against Torture. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge of the United States Court of
International Trade, sitting by designation.

The BIA properly rejected Vail-Diaz's asylum claim as time-barred. Vail-Diaz did not file an application for asylum within the statutorily mandated period of one year. 8 U.S.C. § 1158(a)(2)(B). Substantial evidence supports the BIA's conclusion that Vail-Diaz had not proven the extraordinary circumstances necessary to justify the late filing.

Substantial evidence also supports the BIA's adverse credibility determination. Vail-Diaz's testimony was inconsistent on numerous occasions, and those inconsistencies went to the heart of his claim. In addition, when read as a whole, the record demonstrates frequent changes in Vail-Diaz's story when asked for clarification about the details, which supports the BIA's determination that he was not credible. Therefore, the BIA did not err in rejecting his application for withholding of removal.

Substantial evidence also supports the BIA's conclusion that Vial-Diaz did not establish it was more likely than not that he would be tortured upon his return to Guatemala, and thus ineligible for relief under the Convention Against Torture. 8 C.F.R. § 1208.16(c)(2). Vial-Diaz has returned to Guatemala numerous times since he left, and his wife and children continue to live there unharmed.

**PETITION DENIED.**